

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL AMIKER,

        Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. ORLANDO PEREZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

        Defendants.

CG7285

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, DARRYL AMIKER, by his attorneys, MYERS, SINGER & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. ORLANDO PEREZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, an African American male, was a resident of New York County, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. ORLANDO PEREZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently

unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. Plaintiff is a 46 year-old gainfully employed foreman with the Local 79 construction union.

12. On or about November 20, 2010, at approximately 6:20 a.m., Plaintiff was lawfully in his apartment at 425 East 105th Street, Apt. 3B, in the County, City and State of New York, sleeping in bed after working a night shift.

13. At the aforesaid time and place, Defendant police officers banged on the door of Plaintiffs' apartment and demanded entry.

14. Defendant police officers then aggressively entered the house, terrorizing Plaintiff.

15. Defendants removed Plaintiff from the residence at gunpoint and searched him.

16. Defendants placed Plaintiff in handcuffs and repeatedly refused Plaintiff's requests to use the bathroom.

17. Defendants did not have a warrant, nor did they have any lawful basis to enter the residence, for if they did in fact have a warrant it was obtained by fraudulent means.

18. Notwithstanding this fact, Defendants placed Plaintiff under arrest.

19. Defendants did not have probable cause to place Plaintiffs under arrest.

20. Defendants held Plaintiff in custody in the street outside his residence for more than two (2) hours while, upon information and belief, police officers searched plaintiff's residence.

21. During this period of time, friends, neighbors and members of Plaintiff's community saw him handcuffed and in the custody of the police.

22. Defendants physically damaged Plaintiff's residence and personal property.

23. Notwithstanding defendants' unlawful conduct, no contraband was found in Plaintiff's residence and the Defendant police officers eventually released him.

24. As a result of the foregoing, Plaintiff sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, deprivation of liberty and deprivation of his constitutional rights.

25. Notwithstanding the Defendants' unlawful conduct, no formal charges were brought against the Plaintiff.

26. As a result of the false claims against him, Plaintiff spent approximately 2 hours in custody and suffered damage to his property and reputation.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

27. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

29. All of the aforementioned acts deprived Plaintiff, DARRYL AMIKER, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF:
### FALSE AREST UNDER 42 U.S.C 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. As a result of Defendants' aforementioned conduct, Plaintiff, DARRYL AMIKER, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

39. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendants caused legal process to be issued to enter the subject and to place Plaintiff under arrest.

42. Defendants entered the subject premises and arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

43. Defendants acted with intent to do harm to plaintiffs, without excuse or justification.

44. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 44 with the same force and effect as if fully set forth herein.

46. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiffs herein.

47. As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 47 with the same force and effect as if fully set forth herein.

7

50. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendants P.O. ORLANDO PEREZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested DARRYL AMIKER despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

55. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff DARRYL AMIKER.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff DARRYL AMIKER as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff DARRYL AMIKER as alleged herein.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff DARRYL AMIKER.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

61. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

62. All of the foregoing acts by Defendants deprived Plaintiff DARRYL AMIKER of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. Not to have cruel and unusual punishment imposed upon him; and

    f. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS against the individual defendants.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York
          April 8, 2011

                                      Respectfully submitted,

                                      Christopher D. Galiardo (CG7285)

                                      MYERS, SINGER & GALIARDO, LLP
                                      *Attorneys for Plaintiff*
                                      299 Broadway, Suite 200
                                      New York, New York 10007
                                      (212) 986-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL AMIKER,

    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. ORLANDO PEREZ, and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants,

COMPLAINT AND DEMAND FOR JURY TRIAL

MYERS, SINGER & GALIARDO, LLP
Christopher D. Galiardo, Esq.

299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900